## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **BEVERLY D. MCMAHON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-0319** |
| | ) | **JUDGE CRENSHAW** |
| **METROPOLITAN GOVERNMENT OF** | ) | |
| **NASHVILLE AND DAVIDSON COUNTY,** | ) | |
| **TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties submit the following Joint Proposed Jury Instructions. The Parties further request leave of Court to submit supplemental and additional instructions before final argument and to amend the instructions as may be necessary after any additional rulings by the Court.

Respectfully submitted,

*/s/ J. Brooks Fox*
J. Brooks Fox, # 16096
Metropolitan Attorney
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219

*/s/August Winter by JBF w/ consent*
August Winter,
750 Old Hickory Boulevard
Suite 150, Building 2
Brentwood, TN 37027
*Attorney for the Plaintiff*

# PROPOSED INSTRUCTION 1

## Introduction

MEMBERS OF THE JURY:

Now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the positions of the parties and the law related to the allegations made in Plaintiff's complaint.

Then I will explain the Metropolitan Government's defenses to Plaintiff's claims.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain how you will go about awarding damages to Plaintiff, should you find that the Metropolitan Government violated the law.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

# PROPOSED INSTRUCTION 2

### Jurors' Duties

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Authority:** 3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 103:01 (6th ed. 2012).

# PROPOSED INSTRUCTION 3

## Juror Notes

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Authority**:  3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 103:02 (6th ed. 2012).

# PROPOSED INSTRUCTION 4

<u>Juror Use of Electronic Communication Technologies</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

**Authority:**  3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 103:04 (6th ed. 2012).

# PROPOSED INSTRUCTION 5

## All Persons Equal Before the Law

You may not discriminate between corporations or governmental entities and natural individuals. All are persons in the eyes of the law, and both are entitled to the same fair and impartial consideration and to justice by the same legal standards. For that reason, this case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, governmental entities, and corporations stand equal before the law and are to be treated as equals.

**Authority:** 3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* §§ 103.11, 103.12 (6th ed. 2012) (modified).

## PROPOSED INSTRUCTION 6

### Evidence In This Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and, if applicable, all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

[*Include if applicable:* I have taken judicial notice of certain facts or events. When I declared that I was taking judicial notice of some fact or event, unless otherwise instructed, you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**Authority:** 3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 103:30 (6th ed. 2012).

**PROPOSED INSTRUCTION 7**

<u>Court's Comments Not Evidence</u>

The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

**Authority:**  3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 103:33 (6th ed. 2012).

## PROPOSED INSTRUCTION 8

<u>Questions Not Evidence</u>

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**Authority:**  3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 103:34 (6th ed. 2012).

## PROPOSED INSTRUCTION 9

<u>Direct and Circumstantial Evidence</u>

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Authority:** 3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 104:05 (6th ed. 2012).

## PROPOSED INSTRUCTION 10

<u>Evidence Admitted for a Limited Purpose Only</u>

Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

**Authority:** 3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 104:42 (6th ed. 2012).

## PROPOSED INSTRUCTION 11

<u>Credibility of Witnesses</u>

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

**Authority:**  3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 105:01 (6th ed. 2012) (modified to eliminate duplication).

## PROPOSED INSTRUCTION 12

<u>Number of Witnesses</u>

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**Authority:**  3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 104:54 (6th ed. 2012).

## PROPOSED INSTRUCTION 13

### Impeachment – Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:**  3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 105:04 (6th ed. 2012).

## PROPOSED INSTRUCTION 14

### Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

**Authority:**  3 Kevin O'Malley *et al.*, *Federal Jury Practice and Instructions* § 104:40 (6th ed. 2012).

## PROPOSED INSTRUCTION 15

### Burden of Proof

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**Authority:** 3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 104:01 (6th ed. 2012).

## PROPOSED INSTRUCTION 16

### Plaintiff's Theory

Beverly McMahon worked as a Public Health Nurse 2 for the Metropolitan Public Health Department from 2006 until December, 2011. In the spring and summer of 2011, Ms. McMahon was suffering from anxiety and depression with associated physical symptoms as a result of being harassed by a supervisor. Ms. McMahon submitted documentation from her providers recommending transfer from the Lentz Clinic, but Metro did not immediately respond to Ms. McMahon's transfer request. Ms. McMahon filed a charge of discrimination with the EEOC on July 19, 2011. Two days later, Metro transferred her out of Lentz to the Woodbine Clinic as a "reasonable accommodation."

Ms. McMahon was succeeding in her new work environment, but, after two months, Metro suddenly terminated the reasonable accommodation agreement and returned Ms. McMahon to the Lentz Clinic against her expressed wishes. Ms. McMahon relapsed shortly after her return to Lentz. Ms. McMahon was unable to continue to work. Ms. McMahon requested Leave Without Pay and supported her request with reports from her providers stating that she needed time to recover.

Metro refused, and instead charged Ms. McMahon with job abandonment and then initiated disciplinary proceedings that Ms. McMahon reasonably believed were going to result in the termination of her employment. Ms. McMahon quit to avoid being fired.

Ms. McMahon asserts that Metro 1) failed to reasonably accommodate her as required by the ADA when it sent her back to Lentz; 2) unlawfully retaliated against her in violation of Title VII by returning her to Lentz after she filed the July 19, 2011 charge with the EEOC; and 3) constructively discharged her (forced her to quit). She claims back pay and emotional distress damages.

## PROPOSED INSTRUCTION 17

### Defendant's Theory

In the spring of 2011, Ms. McMahon had made 2 prescription errors (wrong prescription / wrong patient name) and 1 medical error (wrong injection) at the STD Clinic where she worked and, as a result, was placed on a Performance Improvement Plan ("PIP"). In June 2011, Ms. McMahon made a request to transfer to another department or clinic.

In July 2011, Metro transferred her away from the STD Clinic. She was assigned to the Woodbine Clinic, temporarily, until the supervisor for the Preventative Health Clinic at Lentz, Ms. Johnson, returned from maternity leave. From the very beginning of Ms. McMahon's PIP, the Health Dept. intended that Ms. McMahon's time at Woodbine would be limited to three months, and that Ms. McMahon would be transferred back to Lentz in the Preventative Health Clinic (not the STD Clinic) after that. This Plan pre-dates Ms. McMahon's July 2011 EEOC filing. At the time, Ms. McMahon stated that she did not want to be transferred to Woodbine because she did not want to "work with children." However, the Health Dept. gave her a good trainer, and so the "working with children" issue was resolved. But, in her EEOC Charges filed later (in May & July 2012 several months after she resigned from the Health Dept.), she still complained about being *transferred to* Woodbine, where she would have to work with children.

In October 2011, once Ms. Johnson returned from maternity leave (and could serve as Ms. McMahon's supervisor under the PIP), Ms. McMahon was placed at the Preventative Health Clinic at Lentz.

In November 2011, Ms. McMahon requested indefinite leave. Metro denied her request and set a hearing because, by then, she was AWOL. At the hearing, she could have appeared with a representative and put on her case. After that, she could have appealed the decision to the Health Board. All the Health Dept. needed was a timeframe for her return. She refused to provide a

timeframe.  Her health care providers opined that it was impossible to say when she would be able to work again.  She resigned on December 1, 2011, the day before her hearing.  Ms. McMahon is not protected under the ADA because she insisted upon "indefinite leave."  Attendance is an essential job function of the job of Public Health Nurse.  In sum, Metro did not constructively discharge Ms. McMahon, and no retaliatory actions were taken against her because of her filing her 7-19-11 EEOC charge.

# PROPOSED INSTRUCTION 18

## AMERICANS WITH DISABILITIES ACT

## PURPOSE

The ADA is intended to ensure that individuals living with disabilities are treated fairly and afforded equal opportunity, including within the workplace.

*Evola v. City of Franklin, Tenn.,* 18 F.Supp.3d 935, 944 (M.D. Tenn. 2014).

# PROPOSED INSTRUCTION 19

## AMERICANS WITH DISABILITIES ACT

## DISCRIMINATION PROHIBITED

It is unlawful under the ADA to discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a)

{N0068165.1}

**PROPOSED INSTRUCTION 20**

**AMERICANS WITH DISABILITY ACT**

**EMOTIONAL DISTRESS**

If you determine that the Metro Government unlawfully discriminated against Ms. McMahon, then you must determine the amount of damages that Ms. McMahon suffered for emotional distress, mental anguish and suffering. While compensatory damages for emotional distress must be supported by competent evidence of genuine injury, emotional distress damages may be based solely upon a plaintiff's testimony.

*EEOC v. Ford Motor Credit Co.,* 531 F.Supp.2d 930 (M.D. Tenn. 2008).

{N0068165.1}

# PROPOSED INSTRUCTION 21

## Meaning of "Disability"

The term "disability" means:

(1) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(2) A record of such an impairment;

(3) Being regarded as having such an impairment. This means that the individual has been subjected to an action prohibited by the ADA as amended because of an actual or perceived impairment that is not both "transitory and minor."

**Authority:**     29 CFR 1630.2

## PROPOSED INSTRUCTION 22

### <u>Qualified Individual With a Disability</u>

The term "qualified individuals with a disability" means an individual with a disability who can perform the essential functions of the employment position that plaintiff holds or for which plaintiff has applied. You should give consideration to, but are not bound by, defendant's judgment as to what functions of a job are essential.

**Authority:** 3C Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 172:31 (5th ed. 2012); 42 U.S.C. § 12111(8).

**PROPOSED INSTRUCTION 23**

<u>Effect of Damages Instructions</u>

I will now instruct you on damages. The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**Authority**:  3 Kevin F. O'Malley, *Federal Jury Practice and Instructions* § 106.02 (6th ed. 2012).

## PROPOSED INSTRUCTION 24

### <u>Back Pay</u>

If you determine that the Metropolitan Government unlawfully discriminated against Ms. McMahon, then you must determine the amount of damages that the Metropolitan Government's actions have caused Ms. McMahon.

You may award as actual damages an amount that reasonably compensates plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Ms. McMahon would have received had she not been treated unlawfully. This type of damages is called back pay. You are instructed that the period of time for which you may award back pay, if in fact such damages are awarded is from the date of Ms. McMahon's resignation, December 1, 2011 up to today.

You must also reduce any lost earnings award by the amount of the expenses that Ms. McMahon would have incurred in making those earnings.

**Authority:** 3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 172.71 (5th ed. 2012) (modified).

## PROPOSED INSTRUCTION 25

<u>Instructions</u>

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Authority:** 3 Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 103:50 (6th ed. 2012).

## PROPOSED INSTRUCTION 26

<u>Duty to Deliberate</u>

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Authority:** 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 106.01 (6th ed. 2012).

**PROPOSED INSTRUCTION 27**

<u>Verdict Forms – Jury's Responsibility</u>

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**Authority:** 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 106.07 (6th ed. 2012).