# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| BEVERLY D. MCMAHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-0319 |
| ) | JUDGE CRENSHAW |
| METROPOLITAN GOVERNMENT OF ) | JURY DEMAND |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The Plaintiff submits the following proposed Jury Instructions.

Respectfully submitted,

/s/ August C. Winter
August C. Winter, #9706
Attorney for Plaintiff Beverly D. McMahon
750 Old Hickory Boulevard, Suite 150
Brentwood, TN 37027
(615) 371-6152

CERTIFICATE OF SERVICE

      I certify that the following has been served upon J. Brooks Fox, Metropolitan Attorney, Metropolitan Courthouse, Suite 108, P.O. Box 196300, Nashville, TN 37219-6300, pursuant to this Court's Electronic Case Filing System on this the 1st day of June, 2016.

                                              /s/ August C. Winter
                                              August C. Winter

## NO. 1 - AMERICANS WITH DISABILITIES ACT

REASONABLE ACCOMMODATION

The ADA includes within the definition of discrimination, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability unless an employer can demonstrate that the accommodation would impose an undue hardship on the employer's business operation.

42 U.S.C. § 12111(8)

## NO. 2 - AMERICANS WITH DISABILITIES ACT

REASONABLE ACCOMMODATION

A reasonable accommodation can include job restructuring, part-time or modified work schedules, reassignment to a vacant position, and other similar accommodations for individuals with disabilities. The determination of whether an accommodation is reasonable is individual and particularized to the employee seeking it.

42 U.S.C. § 12111(9)(B). Cehrs v. Northeast Ohio Alzeheimer's Research Center, 155 F. 3d 775, 782 (6th Cir. 1998).

## NO. 3 - CONSTRUCTIVE DISCHARGE (ADA)

ELEMENTS OF CLAIM

The Plaintiff can demonstrate a constructive discharge in one of two ways. The Plaintiff can prove that the working conditions were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. Alternatively, the Plaintiff can prove that the employer acted in such a manner so as to have communicated with a reasonable employee that she will be terminated, and the Plaintiff resigns. A constructive discharge can occur when, based upon the employer's actions, the handwriting was on the wall and the ax was about to fall.

Talley v. Family Dollar Stores of Ohio, Inc. 542 F.3d 1099, 1107 (6th Cir. 2008). Laster v. City of Kalamazoo, 746 F.3d 714, 727-728 (6th Cir. 2014).

# NO. 4 - RETALIATION (TITLE VII)

ELEMENTS

The Plaintiff must show that 1) she engaged in a protected activity; 2) the employer knew of the exercise of the protected right; 3) an adverse employment action was subsequently taken against the employee; and 4) there was a causal connection between the protected activity and the adverse employment action.

Niswander v. Cincinnati Insurance Co., 529 F.3d 714, 720 (6th Cir. 2008).

## NO. 5 - RETALIATION (TITLE VII)

ADVERSE EMPLOYMENT ACTION

An adverse employment action is conduct that would have dissuaded a reasonable worker from making or supporting a charge of discrimination and can include a reassignment of job duties.

Burlington N. & Santa Fe Ry. Co. v. White, 548 W.S. 53, 126 S.Ct. 2405 (2006).

## NO. 6 - RETALIATION (TITLE VII)

PRETEXT

If the employer presents a legitimate, nondiscriminatory reason for its actions, then the employee must demonstrate that the legitimate reason offered by the employer was a pretext designed to mask retaliation. The employee can demonstrate pretext by a showing that the proffered reason given by the employer 1) had no basis in fact; 2) did not actually motivate the employer's challenged conduct, or 3) was insufficient to warrant the challenged conduct.

<u>Niswander v. Cincinnati Ins. Co.</u>, 529 F.3d 714 (6th Cir. 2008). <u>Wexler v. White's Fine Furniture, Inc.</u>, 317 F.3d 564, 576 (6th Cir. 2003).

## NO. 7 - TITLE VII RETALIATION

## DAMAGES

If you determine that the Metropolitan Government unlawfully retaliated against Ms. McMahon in violation of Title VII, then you must determine the amount of damages that the Metropolitan Government's actions have caused Ms. McMahon. The damages that Ms. McMahon may recover include back pay, emotional distress damages and related medical expenses.

<u>Burlington Northern & Santa Fe Rwy. Co. v. White</u>, 548 U.S. 53, 126 S.Ct. 2405 (2006).