# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| BEVERLY D. MCMAHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-0319 |
| ) | JUDGE CRENSHAW |
| METROPOLITAN GOVERNMENT OF ) | JURY DEMAND |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## STIPULATIONS

The parties agree and stipulate to the following.

          Respectfully submitted,


/s/ August C. Winter
August C. Winter, #9706
Attorney for Plaintiff Beverly D. McMahon
750 Old Hickory Boulevard, Suite 150
Brentwood, TN 37027
(615) 371-6152

/s/ J. Brooks Fox
J. Brooks Fox, # 16096
Melissa Roberge, #26230
Metropolitan Attorneys
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6375

CERTIFICATE OF SERVICE

      I certify that the following has been served upon J. Brooks Fox, Metropolitan Attorney, Metropolitan Courthouse, Suite 108, P.O. Box 196300, Nashville, TN 37219-6300, pursuant to this Court's Electronic Case Filing System on this the 10th day of June, 2016.

                                                    <u>/s/ August C. Winter</u>
                                                    August C. Winter

# STIPULATION NO. 1

The parties request that the following instruction be read to the jury venire by the Court as a part of the Court's instructions at the commencement of voir dire.

The Plaintiff in this case is gay. Although Ms. McMahon is not suing the Metropolitan Government for discriminating against her because of her sexual orientation, it is expected that there will be evidence in this case regarding Ms. McMahon's sexual orientation.

Ms. McMahon is entitled to a fair trial without regard to her sexual orientation. If you have feelings about homosexuality or homosexuals that would put Ms. McMahon at a disadvantage if you are selected for jury duty in this case, then please so indicate by a show of hands.

## STIPULATION NO. 2

The parties stipulate that a transcript that Ms. McMahon made of a taped telephone conversation that took place between Ms. McMahon and Dr. Alisa Haushalter of the Metropolitan Public Health Department in July, 2011 is admissible evidence. The parties further agree that the recording of that conversation will not be introduced into evidence.

## **STIPULATION NO. 3**

The parties have stipulated that certain documents, which have been included in a binder that has been shared with the Court, are admissible and may be introduced into evidence by either party without objection.

## STIPULATION NO. 4

The parties stipulate and agree that when Ms. McMahon filed a Charge of Discrimination against her employer the Defendant Metropolitan Government on July 19, 2011, Ms. McMahon engaged in protected activity under the law.

# STIPULATION NO. 5[1]

The parties stipulate and agree to the following instruction.

If you, the Jury, determine that Plaintiff Beverly McMahon establishes liability on the part of the Metropolitan Government, then the parties are agreed that you are to award Ms. McMahon $_____ for back pay damages.

# STIPULATION NO. 6

---

[1] The parties are continuing to work towards an agreed sum certain as to back pay damages.

The parties stipulate and agree that effective July 1, 2012, Metro Public Health Department Public Health Nurse 2s received a 4% pay increase.